Singh v. Sessions

BIA
Poczter, IJ
A206 088 879

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of July, two thousand eighteen.

PRESENT:
　　　　PIERRE N. LEVAL,
　　　　GUIDO CALABRESI,
　　　　DEBRA ANN LIVINGSTON,
　　　　　　*Circuit Judges.*
_____

HARJINDER SINGH,
　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　　16-3683
　　　　　　　　　　　　　　　　　　NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:　　　Anas J. Ahmed, Pannun The Firm, P.C., Jackson Heights, N.Y.

FOR RESPONDENT:　　　Chad A. Readler, Assistant Attorney General; Andrew N. O'Malley, Senior Litigation Counsel; Kimberly A. Burdge, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Harjinder Singh, a native and citizen of India, seeks review of an October 6, 2016, decision of the BIA affirming an October 2, 2015, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Harjinder Singh,* No. A 206 088 879 (B.I.A. Oct. 6, 2016), *aff'g* No. A 206 088 879 (Immig. Ct. N.Y. City Oct. 2, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as the final agency decision. *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on

2

inconsistencies or omissions in an applicant's or his witness's statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. "[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (internal citation and quotation marks omitted). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Given the number of inconsistencies and the inconsistency between Singh's testimony and his corroborating evidence, we conclude that substantial evidence supports the agency's adverse credibility determination.

First, Singh's testimony differed from his party's letter about where he lived in the United States, and Singh has not challenged that finding in his brief. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and

3

normally will not be addressed on appeal."). This inconsistency therefore stands as an appropriate basis for the credibility determination. *Xiu Xia Lin*, 534 F.3d at 167 ("[A]n IJ may rely on *any* inconsistency . . . in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible.").

Second, Singh's testimony and party's letter differed about his status in the party. *Id*. Singh repeatedly testified that he was a worker, not a party member; however, his party's letter states that he was a long-time member. Singh's arguments that he was goaded into contradicting himself and that any distinction is merely semantics are unexhausted and contradicted by the record. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (requiring exhaustion of issues before the BIA). Singh repeatedly and clearly testified that he was a worker, not a party member, and government counsel explicitly confirmed that Singh understood this line of questioning.

Third, Singh's testimony that his brother was not involved with the party contradicted his brother's letter, which stated that he belonged to the party and participated

4

in party activities. *Xiu Xia Lin*, 534 F.3d at 167. Although Singh now contends that his brother became involved in the party after he (Singh) left India, Singh testified that he did not know if his brother became involved after he left India. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Accordingly, he has not presented a compelling explanation.

Fourth, Singh's testimony that he had only internal injuries from an attack conflicted with his doctor's description of multiple abrasions and treatment with antiseptic dressings. *Xiu Xia Lin*, 534 F.3d at 167. Singh declined an opportunity to explain through redirect. Singh now attempts to recharacterize his testimony by stating that he had only minor abrasions and therefore did not use the antiseptic bandages given to him. This explanation is both unexhausted and not supported by the record, given his repeated testimony that he had only internal injuries. *See Lin Zhong*, 480 F.3d at 122; *Siewe v. Gonzales*, 480 F.3d 160, 167-68 (2d Cir. 2007) ("Where there are two

permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. . . . [R]ecord support for a contrary inference—even one more plausible or more natural—does not suggest error." (internal quotation marks omitted)).

Last, Singh's lack of knowledge about the letter from his party further undermined his credibility. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (observing that the weight accorded to an applicant's "evidence lie[s] largely within the discretion of the IJ." (internal quotation marks omitted)). As the IJ found, Singh had difficulty stating whether the author knew him personally. *See Siewe*, 480 F.3d at 167-68.

Given the foregoing inconsistencies, which undermine Singh's testimony and the reliability of his evidence, we conclude that the adverse credibility determination is supported by the "totality of the circumstances." *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination

6

is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court